UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YONAS TEKESTE,

        Petitioner,

v.                                      CIVIL ACTION NO. 2:06-14839
                                     HONORABLE PATRICK J. DUGGAN

BLAINE LAFLER,

        Respondent.
_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION

        At a session of said Court, held in the U.S.
        District Courthouse, Eastern District
        of Michigan on December 20, 2007.

        PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                            U.S. DISTRICT COURT JUDGE

        Petitioner Yonas Tekeste ("Petitioner") is a state prisoner currently confined at the Kinross Correctional Facility in Kincheloe, Michigan. On October 26, 2006, he filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Petitioner challenges his state sentence for a drug offense. Petitioner alleges that he should be re-sentenced under an amended state statute, which is more favorable to state prisoners than the version of the statute under which Petitioner was convicted and sentenced. The Court concludes from a review of the pleadings and the record that Petitioner is not entitled to habeas corpus relief. Accordingly, the Court denies the habeas petition.

### I. Background

On October 21, 1999, the police stopped and searched the vehicle in which Petitioner was riding. They found approximately 260 grams of cocaine in the vehicle. Charges were brought against Petitioner in 2002.

In December 2002, the Michigan Legislature amended the statute under which Petitioner was charged. As the Michigan Court of Appeals has explained the amendment:

> 2002 PA 665 and 2002 PA 670, effective March 1, 2003, amended MCL 333.7401 to establish an entirely new offense and sentencing scheme. The amendments eliminated mandatory minimum sentences for certain offenses, and made consecutive sentencing discretionary with the trial court.

*People v. Muniz*, No. 255564, 2005 WL 2573345, at *1 (Mich. Ct. App. Oct. 13, 2005) (unpublished opinion). The amendments also reduced the amount of time that certain individuals had to serve before becoming eligible for parole. *Id*.

On October 7, 2003, Petitioner pleaded guilty to possession with intent to deliver 225 to 649 grams of cocaine in violation of MICH. COMP. LAWS ANN. § 333.7401(2)(a)(ii) (2001). Pursuant to the plea agreement, the prosecutor agreed to dismiss one count of possession of cocaine and a notice charging Petitioner with being a habitual offender. The parties also agreed to a minimum sentence of ten years– which was half of the statutory minimum of twenty years– and to the statutory maximum sentence of thirty years. On January 28, 2004, the trial court sentenced Petitioner in accordance with the plea agreement to ten to thirty years' imprisonment.

Petitioner subsequently filed a direct appeal, setting forth the same claims that he now raises in his habeas petition. The Michigan Court of Appeals denied leave to appeal

"for lack of merit in the grounds presented." *People v. Tekeste*, No. 260354 (Mich. Ct. App. Apr. 1, 2005). On October 31, 2005, the Michigan Supreme Court denied Petitioner leave to appeal. *People v. Tekeste*, 474 Mich. 906, 705 N.W.2d 132 (2005) (table).

Petitioner filed his habeas corpus petition on October 26, 2006, raising the following grounds for relief:

> I. The petitioner's rights to equal protection under the Michigan and Federal Constitutions were violated by the Legislature's decision to treat criminal defendants who were sentenced after March 1, 2003 differently from similarly situated Defendants whose criminal culpability was otherwise factually identical.
>
> II. The amendments to the drug-sentencing statutes which eliminated mandatory minimums for certain drug crimes apply to Petitioner.
>
> III. The petitioner must be re-sentenced because he did not receive the benefits of his plea agreement.
>
> IV. The petitioner must be re-sentenced in order to avoid a violation of the separation of powers doctrine.

Answering the petition, Respondent urges the Court to deny Petitioner relief on the ground that Petitioner's sentencing claims are not cognizable on habeas review because they are based on a perceived error of state law.

## II. Standard of Review

Petitioner is entitled to a writ of habeas corpus only if the state court's adjudication of his claims on their merits–

3

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413, 120 S. Ct. at 1523.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id*. at 410, 120 S. Ct. at 1522 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409, 120 S. Ct. at 1521. Section "2254(d) dictates a highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455, 125 S. Ct. 847, 853 (2005) (quotation marks and citations omitted).

4

## III. Discussion

### A. Equal Protection

The Michigan Legislature's statutory amendments, which became effective in 2003, eliminated the mandatory minimum sentence for certain drug offenses and advanced the date for parole eligibility for certain offenders. Although Petitioner was sentenced in 2004, after the amendments became effective, he was sentenced under the law as it existed in 1999– when he committed the drug offense to which he pleaded guilty. Petitioner contends that his right to equal protection of the law was violated by the Michigan Legislature's decision to treat him and other criminal defendants who were sentenced after March 1, 2003, differently from defendants whose criminal culpability was otherwise factually identical.

"The Equal Protection Clause of the Fourteenth Amendment commands that no state shall 'deny to any person within its jurisdiction the equal protection of the laws.'" *Michael v. Ghee*, 498 F.3d 372, 379 (6th Cir. 2007) (quoting U.S. CONST. amend. XIV, § 1). The Clause requires that similarly situated individuals be treated alike. *Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 3254 (1985); *Buchanan v. Bolivar*, 99 F.3d 1352, 1360 (6th Cir. 1996) (quoting *Gutzwiller v. Fenik*, 860 F.2d 1317, 1328 (6th Cir. 1988)). Petitioner cannot show that he has been treated differently than similarly situated individuals.

As at least one habeas court has noted, the Michigan courts sentence all prisoners who violated Michigan's controlled substances statute before March 1, 2003, under the

state's old sentencing scheme. *See Sutton v. Birkett*, No. 5:06-cv-169, 2006 WL 3940550, at *2 (W.D. Mich. Nov. 30, 2006). This is because the Michigan Court of Appeals has interpreted the 2003 amendments as applying only prospectively. *See People v. Doxey*, 263 Mich. App. 115, 122, 687 N.W.2d 360, 364-65 (2004), *appeal denied*, 472 Mich. 878, 693 N.W.2d 818 (2005) (table). Petitioner therefore was not treated differently from "similarly situated" individuals– i.e. drug offenders (1) whose crimes involved less than 650 grams of cocaine; (2) who committed their crimes before March 1, 2003; and (3) who were sentenced after March 1, 2003. The Court therefore concludes that Petitioner has no right to habeas relief on the basis of his equal protection claim.

## B. Applicability of the Amendments

Petitioner alleges that the 2003 statutory amendments to the drug-sentencing statute should have been applied to him. The United States Supreme Court has ruled, however, that states may determine the retroactivity of their own laws. *Wainwright v. Stone*, 414 U.S. 21, 23-24, 94 S. Ct. 190, 193 (1973); *Great Northern Ry. Co. v. Sunburst Oil & Refining Co.*, 287 U.S. 358, 364, 53 S. Ct. 145, 148 (1932). A state court's interpretation of state law binds a court sitting in habeas corpus review. *Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602, 604 (2005). Therefore, federal courts have held that a habeas petitioner has no federal constitutional right to retroactive application of more lenient state sentencing or other rules where the state courts and/or legislature indicate that those rules should be applied prospectively only. *Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004); *see also Johnson v. Sparkman*, No. 95-5683, 1996 WL 180111

(6th Cir. Apr. 12, 1996) (unpublished opinion) (concluding that the habeas court was bound by the state court's determination that two Kentucky Supreme Court decisions, issued seven years after the petitioner was sentenced, did not apply retroactively to render the enhancement of his sentence unlawful); *Bowen v. Foltz*, 763 F.2d 191, 194 (6th Cir. 1985) (holding that the petitioner's constitutional rights were not violated by the Michigan Supreme Court's decision to apply a new felony murder rule only prospectively).

As indicated in the preceding section, the Michigan Court of Appeals has concluded that the amendments in question here apply only prospectively. *Doxey, supra*. This interpretation is binding on this habeas court. Petitioner therefore is not entitled to the benefits of the statutory amendments.

### C. Benefit of the Plea Bargain

Petitioner's third argument is that he must be re-sentenced in order to receive the benefits of his plea agreement. According to Petitioner, by requiring a minimum sentence that was fifty percent less than the statutory minimum at the time, the plea agreement contemplated that he would be released sooner than other offenders who were convicted of similar offenses. Petitioner maintains that because the 2003 statutory amendments eliminated the mandatory minimum sentence, he now will not be released sooner than similar drug offenders sentenced pursuant to those amendments. Petitioner contends that to receive the benefits of his plea agreement, his current minimum sentence of ten years must reduced under the 2003 statutory amendments to five years.

"The leading Supreme Court case regarding a state's breach of a plea agreement is *Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495 (1975)." *Smith v. Stegall*, 385 F.3d 993, 998 (6th Cir. 2004), *cert. denied*, 544 U.S. 1052, 125 S. Ct. 2299 (2005). The Supreme Court held in *Santobello* that, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." 404 U.S. at 262, 92 S. Ct. at 499.

In 1999, when Petitioner committed his drug offense, the minimum sentence for his crime was twenty years. His plea bargain called for a minimum sentence equal to fifty percent of that minimum sentence. The trial court honored the parties' agreement and sentenced Petitioner to a minimum of ten years in prison. The fact that amendments to the statute eliminated minimum sentences for Petitioner's crime does not change the fact that he was afforded a favorable sentence under the law in effect when he committed the offense. Petitioner received the benefit of his plea agreement and his claim has no merit.

### D. Separation of Powers

In his fourth and final habeas claim, Petitioner alleges that he must be resentenced in order to avoid a violation of the Separation of Powers Clause contained in Article 3, Section 1 of the United States Constitution. According to Petitioner, the Michigan Legislature violated the separation-of-powers doctrine when it amended the drug statute.[1]

---

[1] It appears that Petitioner is arguing in this claim that the executive and judicial branches of the Michigan government agreed to a sentence in his case that was fifty percent of the minimum sentence other defendants received for the same crime and that by amending the statute and making the amendments prospective only, the legislature

This claim is not cognizable on federal habeas review because the separation of powers between branches of state government is a matter of state law, and a federal court may not grant habeas relief on the basis of "a perceived error of state law." *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 875 (1984)).

## IV. Conclusion

For the reasons set forth above, this Court holds that the state appellate court's conclusion that Petitioner's claims lack merit did not result in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Yonas Tekeste, #479547
Kinross Correctional Facility
16770 S. Water Tower Drive
Kincheloe, MI 49788

Brian O. Neill, Esq.

---

interfered with the executive and judiciary of the ability to enforce the intent of the plea agreement.